IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


DENNIS DERX                                                          PETITIONER


v.                              NO. 4:17-cv-00261 BSM/PSH


STATE OF ARKANSAS                                                    RESPONDENT


FINDINGS AND RECOMMENDATION

INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

The record reflects that on October 6, 2015, petitioner Dennis Derx ("Derx") pleaded guilty in Jackson County Circuit Court to one count of rape and was sentenced to 408 months in the custody of the Arkansas Department of Correction. See Docket Entry 2 at CM/ECF 9. On April 24, 2017, he began the case at bar by filing documents that included a motion for leave to proceed in forma pauperis and a document captioned "petition for post-conviction relief." The undersigned reviewed the documents and ordered the following:

Derx's motion for leave to proceed in forma pauperis was denied because it was incomplete. Although the "certificate" portion of the motion was signed by an authorized officer of Derx's institution, the "certificate" portion of the motion was not dated and only established that Derx had no money in his inmate account. The "certificate" portion of the motion gave no indication of what his monthly deposits had been for the previous six months. He was given up to, and including, May 25, 2017, to file an amended motion to proceed in forma pauperis.

It was unclear how Derx's "petition for post-conviction relief" should be construed. Although he filed it in the United States District Court for the Eastern District of Arkansas, he represented that it was being filed pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). The United States District Court for the Eastern District of Arkansas is not the proper forum for such a petition; instead, a Rule 37 petition

must be filed in the state trial court from which a conviction arose, in this instance, Jackson County Circuit Court. Derx was given up to, and including, May 25, 2017, to clarify whether he intended the petition at bar to be one pursuant to Rule 37 or one pursuant to 28 U.S.C. 2254. If he intended his petition to be one pursuant to Rule 37, the Court would recommend that it be dismissed without prejudice.

See Docket Entry 4.

Derx has now filed a response to the undersigned's order. See Docket Entry 5. In the response, Derx asked that his "petition for post-conviction relief" be construed as one pursuant to Rule 37 because he is "going … pursuant to Rule 37." See Docket Entry 5 at CM/ECF 1.

In light of Derx's response, the undersigned construes his "petition for post-conviction relief" as one pursuant to Rule 37. It is clear that the United States District Court for the Eastern District of Arkansas is not the proper forum for his "petition for post-conviction relief;" instead, the proper forum for his petition is Jackson County Circuit Court.[1] For that reason, the undersigned recommends that this case be dismissed without prejudice so that he can re-file his "petition for post-conviction relief" in Jackson County Circuit Court.[2] Judgment should be entered for the State of Arkansas.

---

[1]
     Derx asks that he be provided with the mailing address for the Jackson County Circuit Court in Newport, Arkansas. The undersigned is hesitant to provide the address because of the possibility that an incorrect address might be provided.

[2]
     The undersigned takes no position on the timeliness of Derx's "petition for post-conviction relief" once it is filed in Jackson County Circuit Court and takes no position on whether a subsequently filed petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas would be timely.

DATED this 8th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE